July 3, 2026

**Supreme Court**

No. 2024-387-M.P.
(No. 24-1098)

(Concurrence begins on Page 13)

Luther C. Parente et al.                :

v.                :

Nelson Lefebvre, in his official        :
capacity as Warden of the
Department of Corrections, et al.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Luther C. Parente et al.    :

v.    :

Nelson Lefebvre, in his official    :
capacity as Warden of the
Department of Corrections, et al.

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Lynch Prata, for the Court.** This case comes before the Court pursuant to an order of the United States Court of Appeals for the First Circuit that certified the following question in accordance with Article I, Rule 6(a) of the Supreme Court Rules of Appellate Procedure:

> "Whether discrimination claims under the Rhode Island
> Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-1 to 2,
> are 'actions of tort' under the State Tort Claims Act, R.I.
> Gen. Laws § 9-31-1(a)?"

For the reasons set forth herein, we answer in the affirmative—discrimination claims under the Rhode Island Civil Rights Act (RICRA) are actions of tort under the State Tort Claims Act (STCA).

- 1 -

**Facts and Travel**

The plaintiffs, Luther C. Parente (Parente) and Eric L. Stewart (Stewart) (collectively, plaintiffs), are incarcerated at the Adult Correctional Institutions. *Parente v. Wall*, 708 F. Supp. 3d 192, 197 (D.R.I. 2023) (*Parente I*). Both Parente and Stewart sustained ankle injuries prior to their incarceration, which they allege require continued treatment.[1] *Id.* at 197-98. On February 10, 2016, plaintiffs filed a complaint against the Rhode Island Department of Corrections and several members of its staff (collectively, RIDOC). The operative complaint is the Second Amended Complaint (hereinafter, the complaint), which plaintiffs filed on June 22, 2020. The complaint alleged, among other things, that RIDOC did not meet plaintiffs' medical needs and therefore failed to properly treat them for their preexisting medical conditions.[2] *Parente v. Lefebvre*, 122 F.4th 457, 460 (1st Cir. 2024) (*Parente II*).

---

[1] Parente sustained multiple ankle injuries after jumping from a second-story window during his arrest. *Parente v. Wall*, 708 F. Supp. 3d 192, 197 (D.R.I. 2023). Parente was treated at Rhode Island Hospital, where he was diagnosed with a calcaneal fracture of his right foot and ankle in addition to other fractures in his left heel and ankle. *Id.* Parente's hospital discharge papers "recommended crutches or a wheelchair, medication, ice, elevation of his foot, and medication for pain." *Id.* Stewart sprained his ankle while playing basketball prior to his incarceration. *Id.* at 198. Stewart was treated at Kent Hospital; his discharge papers instructed him "not to put weight on his left foot and to keep his leg elevated, applying ice packs." *Id.*

[2] Specifically, Parente and Stewart alleged that RIDOC denied them use of an elevator and that they were forced to painfully traverse metal stairways multiple times per day. *Parente*, 708 F. Supp. 3d at 197-98. Parente and Stewart also alleged that they were each denied elevation pillows and other items necessary for the continued treatment of their respective injuries. *Id.*

They cited several federal and state constitutional, statutory, and common law provisions as bases for relief. *Id.*

The only count relevant to the question before this Court is Count II of the complaint, a discrimination claim made pursuant to RICRA. Specifically, Count II alleges that RIDOC

> "discriminated against [p]laintiffs and deprived them of their rights under the RICRA, including their rights to the full and equal benefit of all laws and proceedings for the security of persons and property, rights to reasonable accommodations, and other protections under the RICRA, causing [p]laintiffs to suffer harm aforesaid, and have thereby deprived [p]laintiffs of rights secured under the RICRA * * *."

In RIDOC's answer to the complaint, it denied the allegations in Count II and asserted immunity from liability under RICRA pursuant to the Eleventh Amendment to the United States Constitution.

Eventually, the parties filed cross-motions for summary judgment. *Parente II*, 122 F.4th at 461. With respect to Count II, the United States District Court for the District of Rhode Island denied RIDOC's motion. *Parente I*, 708 F. Supp. 3d at 212. The District Court first reasoned that genuine issues of material facts precluded summary judgment. *Id.* at 207. Moving to the issue of sovereign immunity, the District Court noted that "Rhode Island has enacted a broad waiver of sovereign immunity statute" by way of the STCA. *Id.* at 211. Quoting from *Laird v. Chrysler Corp.*, 460 A.2d 425 (R.I. 1983), the District Court stated that the STCA "'subjects

- 3 -

the state and its political subdivisions to liability in all actions of tort in the same manner as a private individual or corporation.'  The statute contains 'sweeping language abrogating the sovereign immunity of the state as well as all other political subdivisions in Rhode Island.'" *Id.* (internal citation omitted) (quoting *Laird*, 460 A.2d at 427, 428).

The District Court went on to note that this Court "declared that 'none of the limitations or interpretations of this court provide venue or procedural restrictions that might prevent a plaintiff from bringing an action in federal court.'" *Parente I*, 708 F. Supp. 3d at 211 (quoting *Laird*, 460 A.2d at 430).  Additionally, the District Court stated: "A damages action under the Civil Rights Act of 1968 sounds basically in tort—the statute merely defines a new legal duty and authorizes the courts to compensate a plaintiff for the injury caused by the defendant's wrongful breach." *Id.* (brackets omitted) (quoting *Curtis v. Loether*, 415 U.S. 189, 195 (1974)).  Citing to *Pellegrino v. Rhode Island Ethics Commission*, 788 A.2d 1119, 1123-24 (R.I. 2002), it stated that this Court has held that "a waiver of sovereign immunity may be implicit and need not be express in the statute that gives rise to the cause of action." *Id.*  The District Court thus turned its attention to the question of whether discrimination actions sound in tort, stating that, if the question is answered in the affirmative, "the intention of the General Assembly was to waive its sovereign immunity." *Id.*

The District Court emphasized that the First Circuit has previously held that claims made pursuant to RICRA "are claims for 'injuries to the person' and, as such, share the statute of limitations for torts generally." *Parente I*, 708 F. Supp. 3d at 211 (quoting *Rathbun v. Autozone, Inc.*, 361 F.3d 62, 70 (1st Cir. 2004)). It further emphasized the First Circuit's notation of this Court's "consistent treatment of civil rights violations as injuries to the person." *Id.* The District Court concluded that because a claim brought pursuant to RICRA "sounds in tort, Rhode Island's general waiver of sovereign immunity statute requires us to find that immunity has been waived." *Id.* at 212.

RIDOC appealed the decision of the District Court. *Parente II*, 122 F.4th at 461. "In evaluating the Eleventh Amendment question posed by this appeal," the First Circuit concluded that there was "'special reason' to certify" the underlying issue to this Court. *Id.* at 460.

The First Circuit therefore certified the following question to this Court:

> "Whether discrimination claims under the Rhode Island Civil Rights Act of 1990, R.I. Gen. Laws § 42-112-1 to 2, are 'actions of tort' under the State Tort Claims Act, R.I. Gen. Laws § 9-31-1(a)?" *See Parente*, 122 F.4th at 465.

**Standard of Review**

"This Court reviews certified questions *de novo*." *Rhode Island Truck Center, LLC v. Daimler Trucks North America, LLC*, 338 A.3d 1056, 1060 (R.I. 2025). We also review issues of statutory interpretation *de novo*. *Verizon New England Inc. v.*

- 5 -

*Savage*, 337 A.3d 689, 693 (R.I. 2025); *see also In re Kapsinow*, 220 A.3d 1231, 1233 (R.I. 2019).

**Discussion**

"If the language of a statute is clear and unambiguous, 'it is given its plain and ordinary meaning.'" *Rhode Island Truck Center, LLC*, 338 A.3d at 1060 (quoting *Freepoint Solar LLC v. Richmond Zoning Board of Review*, 274 A.3d 1, 6 (R.I. 2022)). "When a statute expresses a clear and unambiguous meaning, the task of interpretation is at an end and this Court will apply the plain and ordinary meaning of the words set forth in the statute." *Newport School Committee v. Rhode Island Department of Education*, 349 A.3d 537, 541 (R.I. 2026) (brackets omitted) (quoting *Retirement Board of Employees' Retirement System of State v. DiPrete*, 845 A.2d 270, 297 (R.I. 2004)). "This is particularly true where the Legislature has not defined or qualified the words used within the statute." *Rhode Island Truck Center, LLC*, 338 A.3d at 1060 (quoting *D'Amico v. Johnston Partners*, 866 A.2d 1222, 1224 (R.I. 2005)).

Before this Court are both RICRA and the STCA. In relevant part, the STCA states:

> "The state of Rhode Island and any political subdivision thereof, including all cities and towns, shall, subject to the period of limitations set forth in § 9-1-25, hereby be liable in all actions of tort in the same manner as a private individual or corporation; provided, however, that any recovery in any such action shall not exceed the monetary

- 6 -

limitations thereof set forth in this chapter." G.L. 1956 § 9-31-1(a).

It is clear that the plain language of the STCA evidences a broad waiver of state immunity for "all actions of tort." Section 9-31-1(a). The STCA, enacted in 1970, is "a blanket waiver of sovereign immunity * * * 'remarkable both for its substantive breadth and its procedural simplicity.'" *Laird*, 460 A.2d at 429 (quoting *Marrapese v. State of Rhode Island*, 500 F. Supp. 1207, 1221-22 (D.R.I. 1980)). In *Laird*, this Court observed that the STCA "unambiguously and without restriction holds the state 'liable in all actions of tort in the same manner as a private individual or corporation except for a limitation of damages.'" *Id.* at 430 (brackets and deletion omitted) (quoting § 9-31-1(a)). As in 1983 when this Court issued *Laird*, it remains true that the Legislature has never clawed back the STCA's broad waiver of immunity. *See id.* ("We think the context within which this legislation was enacted and the subsequent silence of the Legislature bolster these conclusions.").

The other statute now before us, RICRA, states:

> "All persons within the state, regardless of race, color, religion, sex, disability, age, or country of ancestral origin, have, except as is otherwise provided or permitted by law, the same rights to make and enforce contracts, to inherit, purchase, to lease, sell, hold, and convey real and personal property, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property, and are subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." G.L. 1956 § 42-112-1(a).

- 7 -

Further, RICRA provides that "[a] person whose rights under the provision of § 42-112-1 have been violated may commence a civil action for injunctive and other appropriate equitable relief, and for the award of compensatory and exemplary damages, within three (3) years after the occurrence of the alleged violation of this chapter." Section 42-112-2.

In 1990, the Legislature enacted RICRA in response to *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989), a racial harassment and discrimination case "in which the [United States Supreme Court] narrowly interpreted 42 U.S.C. § 1981, the Civil Rights Act of 1866[,]" thereby limiting the Act's protections to "racial discrimination in contract formation only[]" and further holding that neither harassment nor discrimination on the job were cognizable under the Act. *Ward v. City of Pawtucket Police Department*, 639 A.2d 1379, 1381 (R.I. 1994). Through RICRA, however, the Legislature ensured "broad protection against all forms of discrimination * * *." *Id.* We endorse the reasoning of the late Judge Selya who wrote, "it is reasonable to presume that the RICRA's drafters, who modeled the statute after section 1981, must have been aware of the precedents interpreting the federal statute * * *." *Rathbun*, 361 F.3d at 67. And in fact, by the time that the General Assembly enacted RICRA, federal caselaw interpreted discrimination as a tort. *See Goodman v. Lukens Steel Company*, 482 U.S. 656, 661-62 (1987); *Perez-Serrano v. DeLeon-Velez*, 868 F.2d 30, 32 (1st Cir. 1989).

Having laid out the relevant history and statutory provisions, we now turn to the inquiry before this Court: Whether a RICRA discrimination claim is a tort under Rhode Island law?

This Court recently considered whether a plaintiff's claims for (1) civil liability for crimes and offenses and (2) civil Racketeer Influenced and Corrupt Organizations (RICO) sounded in tort. *Preserve at Boulder Hills, LLC v. Kenyon*, 312 A.3d 475, 481 (R.I. 2024) (*Preserve*). Answering in the affirmative, we explained that "[a] tort encompasses injury to the person and to property—it is 'a civil wrong for which the law will provide a remedy in the form of an action for damages.'" *Id.* at 483 (deletion omitted) (quoting 74 Am. Jur. 2d *Torts* § 1 (February 2024 Update)). Further, this Court opined that "[a] 'tort' constitutes an invasion of a private interest for which the plaintiff seeks compensation for the damage they have personally suffered and a judgment to fairly allocate the loss." *Id.* (quoting 74 Am. Jur. 2d *Torts* § 1). Under that broad definition, a civil discrimination claim under RICRA sounds in tort. RICRA defined a legal duty and created a cause of action for violation of that duty. Sections 42-112-1, -2. A discrimination claim under RICRA constitutes an "injury to the person * * * for which the law will provide a remedy in the form of an action for damages." *Preserve*, 312 A.3d at 483 (internal quotation marks omitted) (quoting 74 Am. Jur. 2d *Torts* § 1).

Moreover, in *Preserve*, we underscored that "this Court has broadly defined personal injury, but excluded such interests created by contract or property." *Preserve*, 312 A.3d at 483. In determining whether the *Preserve* plaintiff's claim for civil liability for crimes and offenses sounded in tort, this Court stated that the claim "was not created by a contract or a property interest." *Id.* The Court considered the underlying wrongful act at issue in the civil liability for crimes and offenses claim, obtaining money under false pretenses, and analogized that conduct to fraud in determining that the claim at issue sounded in tort. *Id.* Here, too, plaintiffs' instant claim does not arise under criminal, contract, or property law. Rather, the claim arises from RIDOC's alleged breach of its obligation to give all persons "the full and equal benefit of all laws and proceedings for the security of persons and property * * *." Section 42-112-1(a). Specifically, plaintiffs allege that RIDOC discriminated against them and denied them reasonable medical accommodations in violation of RICRA. Such a claim is analogous to a negligence or medical malpractice claim, both of which traditionally sound in tort.[3] Under the definition

_____

[3] A medical malpractice claim is defined as

> "any tort, or breach of contract, based on health care or professional services rendered or that should have been rendered, by a physician, dentist, hospital, clinic, health maintenance organization, or professional service corporation providing healthcare services and organized under chapter 5.1 of title 7, to a patient or the rendering of

- 10 -

stated in *Preserve*, the conduct underlying plaintiffs' claims meets the definition of a tort.

This result is consistent not only with the definition of a tort within this state, but also with longstanding federal jurisprudence. As the District Court pointed out, the United States Supreme Court held in *Curtis* that a civil discrimination claim under the Fair Housing Act (FHA) "sounds basically in tort—the statute merely defines a new legal duty, and authorizes the courts to compensate a plaintiff for the injury caused by the defendant's wrongful breach."[4] *Curtis*, 415 U.S. at 195; *see Parente I*, 708 F. Supp. 3d at 211. Furthermore, the Supreme Court explained that a claim under the FHA "is analogous to a number of tort actions recognized at common law. * * * [T]he relief sought here—actual and punitive damages—is the traditional form of relief offered in the courts of law." *Curtis*, 415 U.S. at 195-96. Similarly, RICRA merely defines a legal duty, and authorizes the courts to compensate plaintiffs for wrongful breach of that duty. Sections 42-112-1, -2. Accordingly, claims brought under RICRA sound in tort and thus fall within the waiver of immunity contained in the STCA.

---

medically unnecessary services except at the informed request of the patient." G.L. 1956 § 5-37-1(a)(14).

[4] The Civil Rights Act of 1968, 82 Stat. 88, chapter 45 of title 42 of the United States Code (commonly known as the Fair Housing Act) prohibits discrimination in the sale or rental of housing.

RIDOC has failed to explain what, if not torts, civil discrimination claims under RICRA are.[5] As discussed *supra*, the category of "tort" under our jurisprudence is broad, encompassing a range of civil injuries to person and property. Specifically, RIDOC argues that RICRA was not intended to "transform claims arising from matters of contracting, licensing, taxation, real estate conveyancing, and all of the other areas listed in the Act into statutorily created 'actions of tort.'" However, as plaintiffs point out, "the analysis of whether a claim is a tort is not based on the statutory scheme as a whole[.]" Rather, that determination is based on the specific claim being made. *See Preserve*, 312 A.3d at 483. As the District Court correctly stated, "RICRA has not been expressly limited to employment or contract situations in Rhode Island case law." *Parente I*, 708 F. Supp. 3d at 206 n.9. Although RICRA also encompasses matters of contract, whether a RICRA claim is tortious is a claim-specific determination, subject to the definition outlined in *Preserve*.[6]

---

[5] RIDOC contends that the issue before this Court is whether the General Assembly has "expressly and unmistakably declare[d] its intent to waive the State's Eleventh Amendment Immunity from RICRA statutory claims filed against the State in federal courts?" However, that is not the question certified to this Court.

[6] Consider the following hypothetical presented in plaintiffs' brief: A property owner refuses to sell a property to a family because of their race. That family would not then have an action against the property owner for breach of contract, because no contract had ever been formed. Rather, the family would have a RICRA discrimination claim for a civil injury to the person. Moreover, RICRA was enacted with the clear purpose of expanding protections beyond just the scope of contract. *See Rathbun v. Autozone, Inc.*, 361 F.3d 62, 67 (1st Cir. 2004) ("The contours of the RICRA plainly reveal the General Assembly's overarching intent to craft a broad

**Conclusion**

For the reasons stated herein, we answer the certified question in the affirmative. The papers in this case may be remanded to the United States Court of Appeals for the First Circuit for further proceedings.

Justice Goldberg participated in the decision but retired prior to its publication.

**Justice Robinson, concurring.** Because I believe that the principle of *stare decisis* should govern judicial decision-making in all but truly exceptional cases, I have decided (after much hesitation and reflection) to concur in this Court's opinion, which responds in the affirmative to the following question certified to this Court by the United States Court of Appeals for the First Circuit:

> "Whether discrimination claims under the Rhode Island Civil Rights Act of 1990 * * * are 'actions of tort' under the State Tort Claims Act, R.I. Gen. Laws § 9-31-1(a)?" *Parente v. Lefebvre*, 122 F.4th 457, 465 (1st Cir. 2024).

---

civil rights act that would both complement and supplement federal civil rights protections.").

After closely reading the most relevant precedents[1] and keeping in mind the *stare decisis* principle, I have reached the conclusion that I have no responsible option other than to agree (albeit without enthusiasm) that the majority has correctly answered in the affirmative the First Circuit's question. For those reasons, I concur in the Court's opinion.

---

[1] Of the authorities relied upon in the Court's opinion, by far the most compelling and "on point" in my view is this Court's recent opinion in the case of *Preserve at Boulder Hills, LLC v. Kenyon*, 312 A.3d 475 (R.I. 2024).



## STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Luther C. Parente et al. v. Nelson Lefebvre, in his official capacity as Warden of the Department of Corrections, et al. |
| **Case Number** | No. 2024-387-M.P.<br>(No. 24-1098) |
| **Date Opinion Filed** | July 3, 2026 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Certified Question by the United States Court of Appeals for the First Circuit in accordance with Article I, Rule 6 of the Supreme Court Rules of Appellate Procedure |
| **Judicial Officer from Lower Court** | Judges Gustavo A. Gelpi and Julie Rikelman of the United States Court of Appeals for the First Circuit |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Chloe A. Davis, Esq. |
| | For Defendant:<br><br>James J. Arguin, Esq. |